IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TRAVIS DAVID ROGERS, | ) | Case No. 10-42463 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| STEWART TITLE GUARANTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 10-4201 |
| | ) | |
| TRAVIS DAVID ROGERS, | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED ORDER DENYING MOTION TO DISMISS ADVERSARY PROCEEDING AND GRANTING THE PLAINTIFF FOURTEEN  DAYS TO SERVE DEBTOR-DEFENDANT'S COUNSEL

Debtor-Defendant Travis David Rogers filed a motion to dismiss this adversary

proceeding on the grounds that his attorney did not receive proper service of process.

For the reasons that follow, the motion to dismiss will be DENIED and the Plaintiff

will be granted fourteen days in which to properly serve the Debtor-Defendant's

counsel.

Travis David Rogers filed a voluntary Chapter 7 bankruptcy Petition on May

17, 2010, through counsel David G. Stover. The Disclosure of Compensation of

Attorney for Debtor filed with the Petition expressly excluded representation of the Debtor in adversary proceedings.

On August 19, 2010, Stewart Title Guaranty Company timely filed this adversary proceeding, seeking a determination that the Debtor's debt to it was nondischargeable under 11 U.S.C. § 523(a)(2).  In accordance with Local Rules 5005-1 and 7005-1,[1] which authorize electronic service on registered users of the ECF system in this Court,  notice of that Complaint was electronically sent to attorney Stover at three different e-mail addresses.[2]  However, Mr. Stover was not served with a copy of the original Summons.

Mr. Stover nevertheless entered his appearance on behalf of the Debtor-Defendant in this adversary proceeding on September 29, 2010.  Also on September 29, Mr. Stover filed an Answer on behalf of the Debtor-Defendant.  One of the affirmative defenses asserted in the Answer was lack of service on Mr. Stover.  Meanwhile, because the original Summons was not timely served on the Debtor-Defendant, Stewart Title requested an Alias Summons on September 27, which was issued on October 12.  That Alias Summons was served via ECF on Mr. Stover and

---

[1] Local Rules of Practice, United States Bankruptcy Court, Western District of Missouri (the "Local Rules").

[2] dcstover@gunnshank.com; ajchilton@gunnshank.com; and dstover14@comcast.net.

another attorney at Mr. Stover's office, Phillip O.  Willoughby.

The Debtor-Defendant has now filed a motion to dismiss the adversary proceeding because his attorney was not together served with copies of both the Complaint and Summons.  Analysis of this issue requires a look at the Federal Rules of Bankruptcy Procedure, which incorporate (as modified) the Federal Rules of Civil Procedure, as well as the Local Rules for this Court.

Rule 4 of the Federal Rules of Civil Procedure provides that the plaintiff is responsible for having both the summons and a copy of the complaint served.[3]  Rule 7004(g) of the Federal Rules of Bankruptcy Procedure provides that, "[i]f the debtor is represented by an attorney, whenever service is made upon the debtor under this Rule, service shall also be made upon the debtor's attorney by any means authorized by Rule 5(b) [of the Federal Rules of Civil Procedure]."[4]

Local Rule 7004-1 provides:

**A.  Service**. Service of process in an adversary action shall be made on the debtor and the debtor's agent, where applicable, in accordance with Fed. R. Bankr. P. 7004. If the debtor is not represented by an attorney, all other documents subsequently filed in the matter shall be served on the debtor by first class mail. If the debtor is represented by an attorney in the adversary proceeding, all subsequent pleadings may be served on

---

[3]  Fed. R. Civ. P. 4(c)(1), made applicable here by Fed. R. Bankr. P. 7004.

[4]  *See also* Fed. R. Civ. P. 5(b)(1), which requires that "[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.").

3

the debtor's attorney through the Court's electronic transmission facilities.

**B. Agent**. When a petition for relief is filed in any Chapter, debtor shall file a designation of debtor's attorney as agent to receive service of process pursuant to Fed. R. Bankr. P. 7004(b)(9) in all proceedings in the case, including adversary actions and contested matters. This designation is contained within the Declaration Re: Electronic Filing (See Local Forms).

In accordance with this Local Rule, the Debtor filed a Declaration Re: Electronic Filing which designates Mr. Stover as his agent "to receive service of process and service of all pleadings in all proceedings, *including adversary actions and contested matters. . . .*"[5]

In sum, the rules require that, if a debtor is represented by an attorney in the main bankruptcy case, a plaintiff who files an adversary proceeding against such debtor is required to ensure that a copy of both the summons and complaint are served on the attorney, as well as the debtor. This is true regardless of whether, as in this case, the attorney's original agreement with the debtor does not include representation in adversary proceedings. I recognize that attorneys who are registered for participation in the Court's Electronic Case Filing System receive most documents electronically via ECF.[6] However, until an attorney enters an appearance in the

---

[5] Doc. # 10 (emphasis added).

[6] *See* Local Rules 5005-1 and 7005-1.

4

adversary proceeding, he or she may not receive electronic notice of documents filed in the adversary proceeding, as was the situation with the original Summons in this case. As a result, plaintiffs must ensure that, if the complaint and summons are not electronically served on debtors' counsel, service must be made by other means in accordance with the rules.

Therefore, because Mr. Stover did not receive service of the Complaint along with a summons, I find that Stewart Title did not obtain proper service under the rules.

As the Debtor-Defendant points out, Federal Rule of Civil Procedure 4(m) requires a plaintiff to obtain service within 120 days after the filing of the complaint. More specifically, that rule provides, in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .[7]

In other words, a court *may*, on motion or on its own after notice, order that service be made within a specified time after the 120 days has passed. Good cause is not required. However, if good cause *is* shown by the plaintiff, the Court is *required* to

---

[7] Fed. R. Civ. P. 4(m).

5

extend the time.

Here, Mr. Stover received electronic notice of the Complaint and, after he entered an appearance in the case, he received the Alias Summons.  Although he was not technically served with both the Complaint and a summons together, he had notice of the adversary proceeding and, indeed, has protected his client's interest by entering an appearance and participating in it.  Based on that, I find that Plaintiff Stewart Title should be granted an additional fourteen days in which to serve Debtor-Defendant's counsel with copies of both the Complaint and the Alias Summons as required by the rules.

The Court held a pre-trial conference on January 26, 2011.  At that conference, Mr. Willoughby, as co-counsel for the Debtor-Defendant, agreed that he would accept service on behalf of Debtor-Defendant.  The parties agreed that Debtor-Defendant would be given thirty-five days from issuance of the Alias Summons to file an Amended Answer to the Complaint.

ACCORDINGLY, the Motion to Dismiss Adversary Proceeding filed by the Debtor-Defendant is DENIED.  Counsel for Plaintiff Stewart Title Guaranty Company is directed to serve the Complaint and Alias Summons on the Debtor-Defendant's counsel immediately, in accordance with the Federal Rules of Civil Procedure, as made applicable here by the Federal Rules of Bankruptcy Procedure, and to file a

6

Certificate of Service evidencing such service.  The Debtor-Defendant should file an

Amended Answer or other responsive pleading on or before March 1, 2011.

     IT IS SO ORDERED.

                  /s/ Arthur B. Federman
                   Bankruptcy Judge

Date: 1/26/2011

Copy to: Joel B. Laner
        David C. Stover
         Philip O. Willoughby